UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HORACE SHEPARD,

                                  Plaintiff,

                      v.                             1:03-CV-1049
                                                          (FJS/DRH)

JAMES MORRIS,

                                  Defendant.
_____

**APPEARANCES**                                  **OF COUNSEL**

**HORACE SHEPARD**
**03-B-0195**
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403
Plaintiff *pro se*

**CITY OF SYRACUSE**                    **JAMES P. MCGINTY, ESQ.**
**LAW DEPARTMENT**
300 City Hall
233 East Washington Street
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court is Defendant's motion for summary judgment. Plaintiff has not filed any papers in opposition to this motion, although the Court extended the time in which he could do so. *See* Dkt. No. 25.

## II. BACKGROUND

Plaintiff filed this action against Defendant, pursuant to 42 U.S.C. § 1983, alleging that, on two occasions, Defendant pulled up next to him, frisked him, took his money and threatened to continue to harass him. Plaintiff asserts that Defendant had no probable cause to stop him.

## III. DISCUSSION[1,2]

In deciding a motion for summary judgment, a court "must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Giano v. Senkowski*, 54 F.3d 1050, 1052 (2d Cir. 2005). Once the moving party meets its initial burden to demonstrate the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to prove that a genuine issue of material fact does exist. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In meeting its burden, the non-moving party may not rely on the claims in his complaint but must "set forth specific facts showing that there is a genuine issue for trial." *Haussman v. Gergus*, 894 F. Supp. 142, 147 (S.D.N.Y. 1995).

The undisputed facts in the record show that, in the early part of 2002, the Syracuse Police Department issued an oral directive to "clean up" certain areas of the City of Syracuse,

---

[1] The Court notes that Defendant provided Plaintiff with notice of the consequences of not responding to a motion for summary judgment as Local Rule 56.2 requires. *See* Dkt. No. 18. Despite this notice, the only response that Plaintiff filed regarding Defendant's motion was a letter dated December 16, 2007, in which he stated: "Be advised that the defendant has not complied with the lates [sic] order. Consequently, plaintiff moves to have defendant's motion for summary judgment dismissed. . . ." *See* Dkt. No. 26. In response to this letter, the Court afforded Plaintiff additional time in which to file papers in opposition to Defendant's motion. *See id.* Plaintiff did not take advantage of this opportunity.

[2] Since Plaintiff did not respond to Defendant's Statement of Material Facts Not in Dispute, the Court will deem those facts admitted. *See* L.R. 7.1(a)(3).

including the intersection of Fitch and Dudley Streets, because those areas were high crime areas which drug dealers habitually used to engage in illicit transactions.  *See* Affidavit of James Morris, sworn to March 28, 2005 ("Morris Aff."), at ¶ 4.  On March 29, 2002, and April 9, 2002, Defendant, a Syracuse City Police Officer, encountered Plaintiff at the intersection of Fitch and Dudley Streets in the City of Syracuse.  *See* Defendant's Statement of Material Facts at ¶ 2 (citing Morris Affidavit; Plaintiff's Complaint, Pages 5 and 6); Morris Aff. at ¶ 6.  On both occasions, after observing Plaintiff's demeanor for a period of time and knowing of his prior criminal activity, Defendant became suspicious that Plaintiff was remaining in the area to engage in criminal activity, i.e., the purchase and/or sale of controlled substances.  *See* Morris Aff. at ¶ 7.  On both occasions, Defendant stopped and frisked Plaintiff and then released him.  *See* Defendant's Statement of Material Facts at ¶ 3.  To protect himself, Defendant pat frisked Plaintiff on both occasions to insure that he did not have a weapon.  *See* Morris Aff. at ¶ 8.  Defendant asked Plaintiff why he was loitering in the area; and, after finding his answers evasive, Defendant directed Plaintiff to move on.  *See id.* at ¶ 10.  When Plaintiff refused to do so, Defendant issued him an Appearance Ticket for Loitering.  *See* Defendant's Statement of Material Facts at ¶ 4 (citing Morris Affidavit); Morris Aff. at ¶ 11.  Defendant never took any money or property of any type from Plaintiff.  *See* Morris Aff. at ¶ 13.

Under *Terry v. Ohio*, 392 U.S. 1 (1968), police officers may briefly detain someone for questioning if they have a reasonable suspicion that criminal activity is afoot and may frisk that person if they reasonably believe he is armed and dangerous.  *See United States v. Colon*, 250 F.3d 130, 134 (2d Cir. 2001).  "A *Terry* stop represents an intermediate response allowing police to pursue a limited investigation when they lack the precise level of information necessary for

probable cause to arrest." *United States v. Elmore*, 482 F.3d 172, 178 (2d Cir. 2007) (citation omitted). Reasonable suspicion is more than an "'unparticularized suspicion or hunch.'" *Id.* (quoting *White*, 496 U.S. at 329-30, 110 S. Ct. 2412). "Police 'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion [on a citizen's liberty interest].'" *Id.* at 179 (quoting *Terry*, 392 U.S. at 21, 88 S. Ct. 1868). Finally, "reasonable suspicion is determined based on the totality of the circumstances . . . ." *Id.* However, "'the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard.'" *Id.* (quoting *United States v. Arvizu*, 534 U.S. 266, 273-74, 122 S. Ct. 744, 151 L. Ed. 2d 740 (2002)).

Based upon the facts set forth in Defendant's Statement of Material Facts and in Defendant's Affidavit – to which Plaintiff has not responded – the Court finds that Defendant had reasonable suspicion to stop Plaintiff briefly to determine whether Plaintiff was standing on the corner of Fitch and Dudley Streets to engage in criminal activity. At the time of both encounters, Defendant knew that the area was an area in which drug dealers frequently engaged in the purchase and sale of illegal drugs, and he also knew that Plaintiff had previously been convicted of drug crimes. Defendant was also justified in frisking Plaintiff to protect his own safety. Therefore, the Court concludes that, under the totality of the circumstances, it was reasonable for Defendant to believe that Plaintiff was in the area to engage in the sale or purchase of illegal drugs, and his brief encounters with Plaintiff fell squarely within the *Terry* guidelines.

## IV. CONCLUSION

After carefully reviewing the entire file in this matter, Defendant's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2008
Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge